UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUD ROSSMAN,<br><br>        Plaintiff,<br><br>   v.<br><br>MICHAEL POMPEO, et al.,<br><br>        Defendants. | No. 2:17-cv-002254-TLN-GGH<br><br>FINDINGS AND RECOMMENDATIONS;<br>ORDER |

Plaintiff Brad Rossman ["plaintiff"] is proceeding in this civil rights act pro se. His complaint, filed on October 26, 2017, ECF No. 1, was accompanied by a motion to proceed in forma pauperis. ECF No. 2. The court as examined the in forma pauperis application and has determined that plaintiff lacks the resources to pay the fees and costs associated with this action and will therefore grant this Motion.

*SCREENING*

Addressing IFP status does not end the court's inquiry, however. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the

1

court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).

However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers [1] Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

*THE COMPLAINT*

Plaintiff's complaint is a 36 page rant in which he claims to have been tortured, prevented from leaving the country, had attempts made on his life, and had millions, if not billions, of dollars and other assets stolen by a panoply of government officials and employees and several private defendants. There is, however, no specific information as to who stole what, when, or how and who specifically tried to kill him, or participated in preventing him from leave the country. Because of this dearth of information the court must dismiss this complaint as frivolous and in violation of the dictates of Federal Rule of Civil Procedure 8(a)(2) which calls for "a short and plain statement of the claim showing the pleader is entitled to relief." This complaint is

---

[1] Plaintiff identifies himself as an attorney in good standing but the court will nonetheless address the merits of his complaint on the pro se standard.

completely wanting of these elements.

Equally important to this court's resolution, however, is the manner in which the Complaint is written. Every person named in this complaint is affixed with a description of his or her race, religion, etc., expressed in the crudest possible way. Women are referred to variously as "c—ts," "f—king African Americans," "subhuman My N99g7s,[2] and "sh-tbag Evil." ECF No. 1. At ¶ 44.[3] Men are referred to as "certifiab[y] evil," Appratchik morons, id., "violent faggot N6g9er," "subhuman piece of s—t, mongrel," ¶ 45, "violent faggots as homosexuals," ¶27, "de facto Zionist, bigoted, anti-German, JEW, ¶ 28. In the caption to the complaint plaintiff identifies groups of defendants who sued as "Jews more generally," African Americans more generally, "violent if not murderous closet faggots, wacko homosexuals," and many other slurs. Id. at pp. 2-4.[4]

Federal Rule of Civil Procedure 12(f) allows the court to strike from scandalous matter from a pleading either pursuant to a motion, 12(f)(2), or on its own. See Dawe v. Corrections, USA, 2009 WL 2591146 (E.D. Cal. 2009). "A pleading is scandalous if it "improperly casts a derogatory light on someone, most typically on a party to the action. Tucker v. Guardian Protection Services, Inc., 2017 WL 1047122 *2 (S.D.Cal. 2017) *citing* Cortina v.Goya Foods, Inc., 94 F. Supp. 3d 1174, 1182 (S.D.Cal. 2015). Another formulation defines "scandalous allegations" as those "'that cast a cruelly derogatory light on a party or other person." Shinde v. Nithyananda Foundation, 2013 WL 1953707 * 2 (C.D.Cal. 2013), *quoting* In re 2TheMart.com, Inc. Sec. Litig., 114 F.Supp.2d 955, 965 (C.D.Cal. 2000). Allegations identified as scandalous may be stricken whether they are unrelated to the controversy or unduly prejudicial. Id. at *8. When the allegations at issue are both scandalous under FRCP 12(f) and insufficient under Federal Rule of Civil Procedure 12(b)(6) the court may find that they are being made in bad faith and or for an improper purpose.

---

[2] The Complaint is replete with what appear to be numerological references that plaintiff endeavors to explain, but as to which he has failed.
[3] The references to the scandalous language are found throughout the Complaint, not merely in the paragraphs cited.
[4] Plaintiff's mental health may be reasonably questioned given the allegations here.

3

*CONCLUSION*

This court finds that there is no basis upon which to maintain this complaint and that there is no purpose in allowing amendment as it can find no basis upon which plaintiff would be able to state cognizable claim. In light of the foregoing IT IS HEREBY RECOMMENDED that:

1. Plaintiff's request for in forma pauperis status be DENIED;
2. Plaintiff's complaint be dismissed without leave to amend; and
3. The Clerk of the Court shall close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS HEREBY ORDERED that, due to the mental instability exhibited by this plaintiff, the Clerk shall serve this Findings and Recommendations on the Marshal for purposes of documenting this individual's allegations herein, and taking other investigative measures the Marshal deems appropriate.

Dated: November 3, 2017

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

4